UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILTON KEN HERBERT,

     Petitioner,

v.                                                      Case No. 1:15cv29/MP/CJK

STATE OF FLORIDA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This habeas case, filed under 28 U.S.C. § 2254, is before the court upon referral from the clerk.  On March 2, 2015, the court entered an order requiring petitioner to file, within thirty (30) days, an amended petition on the court form and an application to proceed *in forma pauperis* (as an alternative to paying the filing fee).  (Doc. 3). Petitioner was provided the requisite forms and warned that failure to comply with the order would result in dismissal of this case.

Eight days later, petitioner wrote the court a letter complaining that a classification officer at the jail informed him he would not be provided "big envelopes", copies, staples or a printout of transactions in his inmate account.  (Doc. 4).  Petitioner also complained that it took 2-3 weeks to obtain an inmate request form.  The court construed petitioner's letter as seeking an extension of time, and

granted petitioner an extension until April 16, 2015.  (*See* Doc. 5, Order dated March 18, 2015).

Petitioner then filed a "Notice" on April 2, 2015, asserting he would not be able to comply with the court's March 2, 2015 order, despite the extension of time, because he "have over 108 paper that need to be copy and mailed" and the jail had provided him only two "free postage envelopes". (Doc. 6, p. 2).  By order dated April 6, 2015, the court advised petitioner that he would not be excused from complying with the March 2, 2015 order.  (Doc. 7)  The court reminded petitioner that he must file his amended petition on the court form, which is only 14 pages in length.  The court also advised petitioner that it was premature (and likely unnecessary) for him to submit any documents in support of his petition.  (*Id*.).  The court reiterated that petitioner had until April 16, 2015, in which to file his amended petition and *in forma pauperis* application.  (*Id*.).

Petitioner still did not comply with the order.  Instead, he filed a document titled "Appeal/Review", in which he asserted he had no money, and that the classification officer at the jail "refuses to assist me in any way" and "refuses to comply with the financial certification on the prison consent form." (Doc. 8).  The court considered petitioner's contentions and, in an order to show cause issued April 27, 2015, determined that petitioner's failure to submit an amended petition on the court form was wholly unjustified.  (Doc. 9).  The undersigned observed from petitioner's frequent filings in this court (mailed from the Alachua County Jail in envelopes with proper postage) that petitioner was not being denied postage, envelopes, or writing instruments.  The undersigned also noted that the court provided petitioner the requisite petition form and directed him to submit his

amended petition on that form; and that although petitioner complained he was not being provided copies, the court had never required him to prepare or submit copies. The undersigned also determined that petitioner's failure to file an *in forma pauperis* application was wholly unjustified.  The court had provided petitioner the requisite motion form (which incorporated a supporting affidavit), as well as a prisoner consent and financial certificate form.  Although petitioner complained he was denied a printout and signature on the financial certificate, he wholly failed to explain his failure to file the motion and affidavit form.  The court mailed petitioner another set of forms (petition form and IFP application form), and directed petitioner to show cause, within fourteen (14) days from the April 27, 2015 order, why his case should not be dismissed by filing a completed and signed amended petition and a completed and signed motion to proceed *in forma pauperis* with supporting affidavit.  Petitioner was warned that failure to comply with the order would result in a recommendation that this case be dismissed.

The show cause deadline has passed.  Petitioner has not responded to the show cause order or complied with the March 2, 2015 order.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with an order of the court.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of May, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.